UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-520-CRS-RSE

JADA H.                                                                                                    PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                                   DEFENDANT

## MEMORANDUM OPINION & ORDER

Pursuant to 42 U.S.C. § 405(g), plaintiff Jada H. ("Claimant") seeks judicial review of the Commissioner of Social Security's denial of her claims for child's insurance benefits ("CIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. This matter was referred to United States Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. On November 28, 2023, Magistrate Judge Edwards issued her Report, concluding that the administrative law judge's ("ALJ") decision denying CIB and SSI benefits should be affirmed. DN 22. On December 5, 2023, Claimant filed timely Objections to the Report. DN 23. This matter is now before the court for consideration of Claimant's Objections.

## I.     Administrative History

Claimant, who suffers from systemic lupus erythematosus, protectively filed her Title II CIB and Title XVI SSI applications on January 21, 2020 with an alleged onset date of January 6, 2020. Her claims were denied on April 13, 2020. Claimant moved for reconsideration and her claims were denied again on July 8, 2020. Claimant requested a hearing. Claimant's request was granted, and a telephonic hearing was held on May 4, 2021. An impartial vocational expert provided testimony at the hearing. On July 9, 2021, the ALJ issued a written decision. The ALJ

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

evaluated the evidence under the required five-step process and concluded that Claimant was not disabled within the meaning of the Social Security Act. Thereafter, Claimant requested review by the Appeals Council. On July 29, 2022, the Appeals Council denied Claimant's request for review. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

## II.   Standard of Review

The court conducts a de novo review of the portions of Magistrate Judge Edwards's Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Specific objections "pinpoint those portions of the [magistrate judge's] report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Edwards. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). The court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

### III.     Analysis

Claimant lodged seven objections to Magistrate Judge Edwards's Report. Objections, DN 23 at 1–9. Claimant's first three objections concern errors in the ALJ's evaluation of four medical opinions. *Id.* at 1–5. Magistrate Judge Edwards determined that while the ALJ erred in his evaluation of the opinion evidence, the errors were harmless. Accordingly, the errors did not undermine the ALJ's RFC determination. Claimant objected to this harmless error finding on three due process grounds. In the first two grounds, Claimant asserted that certain regulations give her an absolute due process right, violation of which mandates remand regardless of the nature of the error. *Id.* at 1–4. Claimant waived one of these arguments because she did not present it to Magistrate Judge Edwards,[2] and she is wrong on the law as to the other. As a third ground, Claimant contends that Magistrate Judge Edwards incorrectly found that the ALJ's deficient discussion of two medical opinions constituted harmless error. *Id.* at 5. But Claimant has not offered any meaningful support for this contention, and the court has found none. Thus, for reasons more fully explained below, the court will adopt Magistrate Judge Edwards's Report with respect to harmless error.

Claimant's next three objections concern the ALJ's RFC determination. *Id.* at 5–8. Claimant argues that evidence about her lupus flare ups was not given enough weight, that her testimony was not properly evaluated, and that further explanation from the ALJ was required. These objections are meritless for a few reasons. First, they fail to identify error by Magistrate Judge Edwards. Second, they fail to show a lack of substantial evidence for the ALJ's decision

---

[2] Absent compelling reasons, the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.* does not allow parties to raise new issues in objections that were not presented to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Here, Claimant argues, for the first time, that certain regulations provide her a "mandatory procedural protection" which obliged the ALJ to direct his medical interrogatories to an examining consultant instead of a non-examining consultant. Objections, DN 23 at 3. Claimant does not explain why she did not present this issue to Magistrate Judge Edwards, and the court discerns no compelling reasons to consider it, so the issue is waived. *Murr*, 200 F.3d at 902 n.1; *see United States v. Droganes*, 893 F. Supp. 2d 855, 867 (E.D. Ky. 2012) (compelling reasons exist where a party "never had the opportunity to brief [the] issue").

and thus for Magistrate Judge Edwards's affirmance. Instead, Claimant simply argues that the ALJ should have weighed the evidence in a manner that produced a favorable result for her. That is not enough to prevail. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers will go either way, without interference by the courts").

Claimant's final objection concerns the hypothetical questions the ALJ posed to the vocational expert. *Id.* at 8–9. Claimant contends that because the RFC determination was wrong, the hypotheticals did not accurately portray her impairments, resulting in further error. This objection presupposes the success of Claimant's RFC objection(s). Because the RFC determination objections fail, this objection also fails.

### A. Claimant's Due Process Objections

Magistrate Judge Edwards found that the ALJ failed to adequately explain his reasons for determining the persuasiveness of Dr. Ansley Smith's, Dr. Jill Silverman's, and the State Agency physicians' medical opinions pursuant to 20 C.F.R. § 404.1520c(b)(2). Report, DN 22 at 8 (Dr. Smith), 11 (Dr. Silverman), 12–14 (State Agency physicians). However, she concluded that the errors were harmless because (1) the ALJ's decision provided enough rationale for this court to conduct a meaningful review and (2) as to the State Agency physicians' opinions, the ALJ found Claimant more limited than they did, so no harm occurred.

Claimant objected to the findings on two "due process" grounds: (1) § 404.1502c(b)(2) provides a "mandatory procedural protection for claimants" with no "exceptions" to compliance, Objections, DN 23 at 4; and (2) the ALJ's written decision does not provide sufficient insight into his rationale, so the ALJ's error was harmful. *Id.* at 5.

### 1. § 404.1520c(b)(2)'s articulation requirement

The failure to meet § 404.1520c(b)(2)'s articulation requirement does not mandate remand in every case where an ALJ fails to tick the procedural box. Claimant's contrary argument is incorrect. *See* Objections, DN 23 at 4–5.

The Supreme Court has recognized a distinction between administrative regulations which "confer important procedural benefits upon individuals" and those which were "adopted for the orderly transaction of business before" the agency. *Am. Farm Lines v. Black Bell Freight Serv.*, 397 U.S. 532, 538–39 (1970). But in either case, remand is not automatic when the regulation is not followed. Where a regulation confers a "substantial" procedural right on claimants, a finding that the error was harmless will preclude remand. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004).

The Sixth Circuit Court of Appeals has not had occasion to consider whether § 404.1520c(b)(2) confers a substantial procedural right. However, as identified in Magistrate Judge Edwards's Report, both the Eastern District of Michigan and this court have held that it does. Report, DN 22 at 8–9 (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021); *Gavre v. Comm'r of Soc. Sec.*, No. 3:20-cv-551-DJH, 2022 WL 1134293, at *6 (W.D. Ky. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 798035 (W.D. Ky. Mar. 15, 2022)). These decisions conclude that the policy objective of § 404.1520c(b)(2) is to ensure that a reviewing court can glean the ALJ's rationale such that a claimant is assured meaningful review. This type of protection comprises a substantial right because it goes beyond simply ensuring an orderly administrative process. *Gavre*, 2022 WL 1134293, at *6 (quoting *Wilson*, 378 F.3d at 547) (where regulation confers procedural safeguard it confers substantial right)). The court agrees with this rationale and finds that Magistrate Judge Edwards was correct to review for harmless error as opposed to recommending automatic remand.

### 2. Harmless Error

Next, Claimant argues that the ALJ's findings as to the Smith and Silverman opinions constituted harmful, not harmless, error. Thus, she contends that Magistrate Judge Edwards erred by reaching the opposite conclusion. In *Wilson*, the Sixth Circuit set out a test for identifying harmless error under § 404.1520c(b)(2)'s predecessor, which was § 404.1527(c)(2), a regulation that required "good reasons" for failing to adopt a medical opinion. Since the adoption of § 404.1520c(b)(2), several district courts in the Sixth Circuit have applied the *Wilson* harmless-error factors to § 404.1520c(b)(2).[3] Magistrate Judge Edwards applied these standards. The court finds no reason to depart from this practice or that Magistrate Judge Edwards erred in applying them.

Under *Wilson*, harmless error may exist if (1) the underlying medical opinion is so patently deficient, it cannot be credited; (2) the ALJ adopted the medical opinion at issue or made findings consistent with it; or (3) the ALJ met the goals of the pertinent procedural safeguards, despite a failure to strictly comply with the regulation. *Wilson*, 378 F.3d at 547; *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010). "In the last of these circumstances, the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend*, 375 Fed. Appx. at 551 (citations omitted) (emphasis in original).

---

[3] *See, e.g.*, *Moulden v. Kijakazi*, 2022 WL 178588, at *8 (W.D. Ky. Jan. 18, 2022); *Hardy*, 554 F. Supp. 3d at 909; *Vaughn v. Comm'r of Soc. Sec.*, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021); *Musolff v. Comm'r of Soc. Sec.*, 2022 WL 1571864, at *13 (N.D. Ohio Apr. 27, 2022), *report and recommendation adopted*, , 2022 WL 1568478 (N.D. Ohio May 17, 2022).

Here, the court is concerned with only the third ground for finding harmless error. The core of Claimant's objection is that "there is no reasoning by the ALJ to explain his decision so that a reviewer can understand it." Objections, DN 23 at 5. She contends that Magistrate Judge Edwards acknowledged a lack of clarity but then failed to identify the record evidence on which she relied for her harmless-error finding. *Id.* These contentions are not supported by further argument, however, and more importantly, the record shows that the opposite is true. Magistrate Judge Edwards's Report explains how the ALJ's decision provided for meaningful review, meeting the pertinent policy goals and rendering his failure to comply with § 404.1520c(b)(2) harmless error. Report, DN 22 at 10 (explaining how ALJ's analysis of Smith's opinion permits meaningful review); *id.* at 12 (explaining how ALJ's analysis of Silverman's opinion permits meaningful review).

### B. Claimant's RFC Objections

Claimant argues that Magistrate Judge Edwards's erred by affirming the ALJ's RFC determination because (1) the ALJ did not adequately address Claimant's ability to sustain work during a lupus flare up; (2) the ALJ improperly evaluated Claimant's subjective account of her symptoms; and (3) the ALJ's determination that Claimant would miss only one day of work per month is unsupported by substantial evidence. Objections, DN 23 at 5–9. As such, Claimant has done no more than rehash her Fact and Law Summary. Thus, she has "failed to specify the findings that she believed were in error." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Consequently, the court declines to sustain her objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (generalized objection to whole of Report amounts to no objection at all).

Moreover, Claimant's arguments do no more than urge the Court to reach a contrary conclusion based on selected record evidence. Claimant does not identify how or why the record lacks substantial evidence for the ALJ's decision. This does not suffice. The law is clear: if substantial evidence supports the ALJ's decision, his decision shall be affirmed even if other substantial evidence would support the opposite conclusion. *Mullen*, 800 F.2d at 545.

### C. Claimant's Hypothetical Questions Objection

"When the Commissioner seeks to rely on the testimony of" a vocational expert "to show the existence of a substantial number of jobs other than past work that the claimant can perform, the testimony must have been given in response to a hypothetical question that accurately portrays the claimant's physical and mental impairments." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014). Here, Claimant argues that the ALJ's hypotheticals did not include the right limitations because his RFC determination was wrong. However, Claimant has not identified any error by Magistrate Judge Edwards in affirming the RFC determination. And, as Magistrate Judge Edwards rightly observed, "each element" of the ALJ's hypothetical corresponded to his RFC determination. Report, DN 22 at 22. As a result, there is no proper ground on which to sustain Claimant's objection to the hypotheticals themselves.

### IV. Conclusion

The court finds no error in Magistrate Judge Edwards's well-reasoned Report and Recommendation that the ALJ's denial of benefits be affirmed. Upon review, the court agrees that (1) the ALJ's errors were harmless, *Wilson*, 378 F.3d at 547; *Moulden*, 2022 WL 178588, at *8; (2) the ALJ's RFC determination was supported by substantial evidence, *McGlothin*, 299 F. App'x at 522; and (3) the ALJ's hypothetical questions accurately portrayed Claimant's

impairments. *Smith-Johnson*, 579 F. App'x at 436. Accordingly, Claimant's Objections, DN 23, are **OVERRULED** and Magistrate Judge Edwards's Report and Recommendation, DN 22, is **ADOPTED** in its entirety as the opinion of the court and is incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a **final Order**.

February 16, 2024

Charles R. Simpson III, Senior Judge
United States District Court